UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RAYMOND JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-CV-184-JRG-MCLC |
| ) | |
| OFFICER CLEMONS, OFFICER ) | |
| PRESTON WHITE, and OFFICER B. ) | |
| BEACH, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM and ORDER**

Raymond Jones, a prisoner confined in the Sullivan County Detention Center ("SCDC") in Blountville, Tennessee, brings this pro se civil rights complaint for injunctive and monetary relief pursuant to 42 U.S.C. § 1983 against three correctional officers at the SCDC, in their individual and official capacities [Doc. 1]. Plaintiff has also filed an application to proceed without prepayment of the filing fee, which is supported by a certified copy of his inmate trust account statement and which shows that he lacks sufficient financial resources to pay the filing fee all at once [Doc. 3]. The application is **GRANTED** [*Id.*], and Plaintiff need not pay an up-front filing fee.

### I.      Filing Fee

Nevertheless, the Prison Litigation Reform Act of 1995 (PLRA), makes a prisoner, such as Plaintiff, responsible for paying the filing fee, 28 U.S.C. § 1915(b)(1), and he therefore is **ASSESSED** the full filing fee of three hundred, fifty dollars ($350).

The custodian of Plaintiff's inmate trust account at the institution wherein he resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1]

Payments should be sent to: The Clerk, United States District Court, 220 West Depot Street, Ste. 200, Greeneville, TN 37743. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the SCDC. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

## II. Screening Standards

The Court must now review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that pro se pleadings filed in

---

[1] An inmate who possesses no funds in his trust account "is still obligated to pay the full filing fee when money does become available." *McGore*, 114 F.3d at 601.

civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Unless a plaintiff nudges his claims "across the line from conceivable to plausible, his complaint must be dismissed." *Twombly*, 550 U.S. at 570. The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the complaint under these guidelines.

### III.     Plaintiff's Allegations

Plaintiff asserts that, on June 10, 2015, an inmate at the SCDC whose name was Hatcher created a disturbance, by shaking the bars and throwing feces. Although Hatcher admitted to engaging in the conduct and a correctional officer, Officer B. Peters, identified Hatcher as the individual whom he had seen on camera participating in the disquieting incident, several officers, including Defendants Clemons, Preston White and B. Beach, entered the area and ordered the

inmates to get down on the ground. Plaintiff claims that, the evening preceding this event, he had suffered pains in his chest and side and blood pressure escalating to "sky high" levels—symptoms which caused him to be seen by medical providers five times. As officers were restraining Inmate Hatcher, Plaintiff identified Hatcher as the culprit—indeed, Hatcher acknowledged his role in the disturbance—denied causing the disturbance, and informed the officers that he was having more chest pains.

The officers ignored Plaintiff's warning as to the physical difficulty he was experiencing, opened his cell door, and ordered Plaintiff to get down on the ground. Plaintiff began to go down to the ground and was not resisting the order, though he was complying with the order "in a slowly manner." Despite his attempted, albeit slow, compliance with the order, Plaintiff was shot five times with a pepper ball gun. Plaintiff was punched in the head with a closed fist and in his side and ribs by Defendants Beach and Clemons as they banged his head on a steel food cart, using extreme brutal force.

Plaintiff alleges that only African-American inmates, such as he, were punished, though in his own case, his disciplinary write-up was "dropped" when he was found not guilty.

Plaintiff seeks "to be rewarded some cash for [his] pain and suffering and [his] emotional damages" and to have punishment inflicted on the officers involved in the incident.

## IV. Law and Analysis

"[T]he Eighth Amendment's ban on cruel and unusual punishment bars excessive force against convicted persons." *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013) (citing *Whitley v. Albers*, 475 U.S. 312, 318–22 (1986)); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (noting that "the Eighth Amendment places restraints on prison officials, who may not … use excessive physical force against prisoners") (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)).

4

An Eighth Amendment claim is comprised of both an objective and a subjective component. *Farmer*, 511 U.S. at 833-36.

The objective element of the claim requires a plaintiff to show a "sufficiently serious" deprivation, *id*. at 834, i.e., that the force was "harmful enough" to establish a constitutional violation. The subjective inquiry focuses on whether a defendant possessed a culpable state of mind. In the context of excessive force, the subjective component involves a question of a defendant's intent—whether a defendant used force in a good faith effort to restore order or maliciously and sadistically for the very purpose of causing harm. *Hudson*, 503 U.S. at 6-7; *Whitley*, 475 U.S. at 320.

The Court finds that Plaintiff arguably has stated claims against Defendant Officers Clemons, White, and Beach for the use of excessive force. This leaves for consideration the race-based discrimination allegations contained in the complaint.

The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, a plaintiff must show that a defendant intentionally discriminated against him based on his membership in a suspect class. *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Hill v. Blount Cnty. Bd. of Educ*., No. 3:14-CV-96-PLR-HBG, 2016 WL 4444802, at *5 (E.D. Tenn. Aug. 23, 2016) (observing that "[t]he Equal Protection Clause prevents states from making distinctions that … target a suspect class") *5 (E.D. Tenn. Aug. 23, 2016) (citing *Johnson v. Bredesen,* 624 F.3d 742, 746 (6th Cir. 2010)).

Plaintiff's allegations implicate the Fourteenth Amendment's Equal Protection Clause. However, Plaintiff has not identified the officer(s) or individual(s) who instituted the race-based discriminatory write-ups against him. Unless within thirty (30) days Plaintiff amends his

5

complaint to identify by name the individual(s) who engaged in these discriminatory actions, the Court will dismiss these contentions for failure to state a claim entitling him to relief. *Iqbal*, 556 U.S. at 676 (finding that a plaintiff in a § 1983 suit "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

## V.     Conclusion

This action will proceed against Defendants Clemons, White, and Beach on Plaintiff's claims of excessive force. Accordingly, the Clerk is **DIRECTED** to send Plaintiff three service packets, each of which consists of a blank summons and USM 285 form. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of the date of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service on Defendants. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packets within the time required will jeopardize his prosecution of this action.

Also, Plaintiff **SHALL** promptly notify the Court of any address changes, and he is **ADVISED** that his failure so to do, within fourteen (14) days of any such change, *see* E.D. Tenn. L.R. 83.13, will result in the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED**.

                                                                s/J. RONNIE GREER
                                                         UNITED STATES DISTRICT JUDGE

6

Case 2:15-cv-00184-JRG-MCLC   Document 5   Filed 11/09/16   Page 6 of 6   PageID #: 22